# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH


## NO. 02-15-00058-CR

LAWRENCE EDWARD THOMPSON                    APPELLANT

V.

THE STATE OF TEXAS                                    STATE

----------

### FROM THE CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
### TRIAL COURT NO. 0064877

----------

## MEMORANDUM OPINION[1]

----------

Lawrence Edward Thompson appeals from the trial court's denial of his motion for DNA testing. The record shows that in 1974, appellant pled guilty to and was convicted of sodomy in cause number 74-03-00402A. In January 2015, he filed a motion for DNA testing; there is a cause number listed at the top of the motion, but it is unclear what that cause number is. The State filed a reply, in

---

[1]*See* Tex. R. App. P. 47.4.

which it asserted that the indictment had been dismissed and, because there was therefore no conviction, appellant was not entitled to DNA testing. The State attached a motion to dismiss from trial court cause number 74-01-00091A. The trial court denied appellant's motion for DNA testing in an order that includes the following finding: "The defendant does not meet the requirements for post-conviction forensic DNA testing because he was not convicted in this case and because no evidence exists to be tested."

Seventeen days after the trial court signed the order, the Tarrant County District Clerk filed appellant's reply to the State's pleading, in which he stated, "The defendant was not convicted in cause no. 74-01-00091A but was convicted in cause no. 74-03-00402A, which is the cause number Defendant filed the motion in." Appellant asked the trial court to disregard the State's reply and to order the State to obtain the records for cause number 74-03-00402A. Appellant attached a copy of the indictment in cause number 74-03-00402A and a copy of the judgment of conviction in that cause number. Appellant's notice of appeal was filed the next day.

In his brief, appellant contends that the trial court erred by denying his motion for DNA testing because "the State overlooked the cause number appellant placed at the beginning of the motion[,] which is the same cause number cited in its Exhibit"; thus, "the State has not shown the evidence does not exist." Appellant requested that this court remand the case so that the State could respond to the correct cause number.

2

Instead of filing a brief, the State has filed a Motion to Remand Appeal, in which it "agrees that the appellant's sodomy charges were re-indicted under a different cause number, that the appellant pled guilty to sodomy on July 29, 1974, and that he received a five-year sentence." Thus, the State has also asked this court to remand the case so that the trial court could reconsider appellant's motion in the correct cause number.

Having reviewed the record, we agree that the trial court's finding that appellant was not convicted—which finding was based on the State's mistaken reply to appellant's motion for DNA testing—is erroneous and that the State's motion should be granted. We reverse the trial court's order denying DNA testing and remand the case to the trial court to reconsider appellant's motion for DNA testing seeking relief related to his conviction in trial court cause number 74-03-00402A.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; WALKER and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 29, 2015

3